## No. 705.

### THE PRESIDENT AND TRUSTEES OF HOMER COLLEGE vs. J. C. CALHOUN.

An obligation in favor of an educational institution, made to create a fund for its endowment, payable in instalments, is enforcable against the obligor, and when he seeks to escape or evade payment by setting up conditions precedent, upon the non-fulfilment of which his liability would not attach, he must establish them satisfactorily, or judgment will go against him.

APPEAL from the District Court for Claiborne.    GRAHAM, J.

*J. S. Young* for Plaintiff.    *Hayes* for Defendant.

The plaintiff sues upon a note payable in five annual instalments, the interest and one-fifth of the principal being payable annually, which was given by the defendant by way of endowment of the college. It contains a condition that it shall not be binding unless twenty-five thousand dollars are subscribed for the same purpose by January 1, 1873.

The defendant excepted, that the college is under the control of the Methodist Church in Louisiana, which prohibited suits being brought on these endowment obligations, and that the suit was not authorized by the corporation. The evidence upon these matters is recited at length in the opinion of the court, and the exceptions were overruled because not sustained by proof.

The answer alleges that the endowment fund had not reached the sum of $25,000 by January 1, 1873, nor at the institution of the suit in April, 1877, because of the worthlessness of many of the endowed notes from insolvency of the makers of them, and from the fact that a considerable part of the fund consisted of wild lands, really worthless, but valued exorbitantly to swell the endowment to the necessary sum before the stipulated time. And further, that by resolution of the Board of Trustees any subscriber, sending one of his relations to the college as a pupil, should be entitled to have the interest annually paid by him credited on the tuition charge.

After stating the case and reciting the evidence: —

EGAN, J.    Of this last averment it may be remarked that there is no allegation that the defendant belonged to that class of persons entitled

to the benefit of the resolution of the board. It is neither alleged nor proved that the defendant ever at any time complied with his obligations by paying the annual interest to entitle him to any credit. As to the other allegations of the answer they are not only not proved, but are directly disproved by the evidence, which establishes the facts that the endowment fund was raised to twenty-five thousand dollars by the 1st of January, 1873, in good subscriptions of persons solvent at the time, and not in wild and worthless lands as averred by the defendant.

*Judgment affirmed.*